# WILLIAM O'NEALL *et al.*

*v.*

# JOHN Y. CALHOUN.

1. PRACTICE—*allowing jury to take evidence on retirement.* Where the record of a prior suit, relating to the same matter in litigation, but not between the same parties, and the bill of exceptions taken on the trial of the former suit, were admitted in evidence by consent: *Held,* that it was not error to permit the jury to carry such record to their room, as such consent did not assimilate the record to a deposition.

2. EVIDENCE—*bill of exceptions.* The statements of witnesses upon another trial, as contained in the bill of exceptions, are not evidence in a different suit without the consent of the parties.

3. NEW TRIAL—*finding of facts.* Where the evidence is conflicting, and there is evidence sufficient to justify the finding of the jury, and there is no error in the instruction as against the party complaining, a new trial will not be granted.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action by John Y. Calhoun, against William O'Neall, John C. O'Neall and William Beeler, upon a promissory note. The facts of the case appear in the opinion.

Messrs. WELDON & BENJAMIN, for the appellants.

Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Calhoun sold thirty fine goats to the O'Nealls in consideration of $500, paid in hand, and of two notes for $1000 each.

One of the notes was assigned to Stevenson, who, in 1871, obtained a judgment upon it for $363.63, debt, and $128.17, damages, when, at that time, the amount due by the face of the note was over $1400. The same defense was made in that as in this case—that the goats were warranted to be sound, their wool warranted to be worth from $8 to $15 per pound, and that there was a breach of warranty. The sum of nearly $1000 was allowed as damages for a breach of the warranty.

The errors relied upon for a reversal of the judgment in this case, are:

*First*—The court erred in permitting the record, in the Stevenson case, to be carried by the jury to their room.

*Second*—That there should have been a new trial granted, because the evidence showed a total failure of the consideration of the note.

*Third*—That the record in the Stevenson case was no bar to the right of appellants to set up a failure of consideration.

The record in the case of Stevenson against the O'Nealls, was founded upon a note given at the same time and for the same property as the note sued on in this case, and a copy of it was used upon the trial by the agreement of the parties. Into the record, as thus used, was copied the bill of exceptions, from which appellants read to the jury. The statements of witnesses upon another trial, as contained in the record, were not evidence without the consent of the parties. Consent that they might be read to the jury, did not assimilate the record to a deposition. It was introduced by agreement, and contained more evidence in favor of appellants than against them. We can not regard it as a paper excluded by force of the statute, from the jury, or by virtue of the decision in *Rawson* v. *Curtiss*, 19 Ill. 456. It was not a deposition read in evidence without the assent of the opposite party, but a statement of the pleadings and testimony in another suit, admitted by mutual acquiescence. We can perceive no injury which could have possibly resulted to appellants in permitting the jury to take the record, and do not think it was error.

The other two points may be considered together.

The entire evidence in the case in which Stevenson was plaintiff, as well as the evidence introduced upon the trial of the case at bar, was before the jury. There is no sufficient cause to disturb the finding upon the facts. The jury have determined that there was not a total failure of the consideration, and the evidence justified the verdict.

Concede that a warranty and its breach were fully proved, still the testimony, as to the amount of damages, was conflicting. The proof did not establish a total failure of the consideration of the notes, and the effect of the verdict was, that sufficient damages had been allowed in the former suit to amply compensate for the breach of the warranty.

In the view in which this case is presented by the instructions, it is not necessary to decide whether the defense made is *res adjudicata*, or whether it is indivisible.

The jury were informed, by instructions given in behalf of plaintiff, as well as defendants, that, upon proof of warranty and breach, the defendants should be allowed such damages as the proof showed they were entitled to, and which had not been allowed in the former suit. The instructions may not have been correct, but appellants can not complain of them. Even, therefore, if the theory of appellants be correct, that the defense under the breach of warranty may be split up, they are not injured. They had the full benefit of the law as they claim it to be. Under their own instructions, the jury had the right to allow them all damages which they had sustained by reason of the breach of the warranty, and which had not already been allowed to them as against the other note, growing out of the same transaction.

We are of opinion that the judgment should be affirmed.

*Judgment affirmed.*