ISAAC TREPP

*v.*

DAVID BARKER.

WITNESS—*competency of wife for her husband.* The fact that a party's wife was present when he purchased goods, and selected them, with the assistance of her husband, does not make her the agent of the latter, and in a suit against him for the price, the wife is not a competent witness in his behalf, to prove that the goods were furnished on the credit of a third person, in payment of a debt of such third person to the husband.

APPEAL from the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. GEO. W. HERDMAN, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellant to recover $49.25 for goods sold and delivered to appellee.

It was conceded by appellee that he had the goods, but the defense interposed was, that one Pool was indebted to him for boarding, and that he and Pool went to appellant's store and made an arrangement by which the goods were obtained, and that they were to be charged to Pool, and appellee received them in payment of Pool's board bill.

Appellant and his clerk both testified the goods were sold and charged to appellee, while appellee and Mrs. Wilkins testified the goods were to be charged to Pool.

Thus far, the testimony seemed to have been evenly bal-

anced.   In order to turn the scale, however, appellee called his wife, who was present when the goods were purchased, and assisted in selecting them, and proved by her that the goods were obtained upon the credit of Pool.   To this evidence the appellant objected, but the court decided appellee's wife was a competent witness, and her evidence was allowed to go to the jury.   This decision is relied upon by appellant as a ground for reversing the judgment.

Section 5, chapter 51, Revised Statutes of 1874, page 489, declares, "No husband or wife shall, by virtue of section 1 of this act, be rendered competent to testify for or against each other as to any transaction or conversation occurring during the marriage, whether called as a witness during the existence of the marriage or after its dissolution, except in certain specified cases," of which this is not one.   The statute is conclusive of the question.   There is no pretense that the wife obtained the goods as agent of her husband.   Appellee was present, and assisted in selecting the goods himself. We are aware of no rule of law under which the wife of appellee could be permitted to testify in the case.   *Reeves* v. *Herr*, 59 Ill. 81.

Other points for a reversal of the judgment have been urged, but it is not necessary to consider them, as this is fatal. .

The judgment will therefore be reversed, and the cause remanded.

*Judgment reversed.*