## William Hayes *et al.*

*v.*

## William Parmalee.

1. Excessive damages—*for attaching property not belonging to the debtor.* Where property, the value of which did not exceed one hundred and thirty dollars, was levied on in good faith, by an attaching creditor, under the belief that the same belonged to the attachment debtor, and no unnecessary violence was done in taking the goods, and there were no circumstances indicating any purpose to wilfully violate the rights of the party whose goods they in fact proved to be, a verdict for one thousand dollars, in an action of trespass against such attaching creditor for so taking such goods, is so excessive and oppressive in amount that a judgment rendered thereon should be reversed for that reason alone.

2. Witness—*competency of wife as a witness for her husband.* In an action of trespass by the husband, against a stranger, for taking and carrying away the goods of the husband, his wife is not a competent witness in his behalf.

Writ of Error to the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.

Messrs. Eldridge & Tourtellotte, for the plaintiffs in error.

Mr. David Fales, for the defendant in error.

Mr. Chief Justice Scott delivered the opinion of the Court:

The verdict in this case is so excessive and oppressive in amount, the judgment must be reversed for that cause, if no other reason existed. The action is trespass *de bonis asportatis,* and the utmost value of the property taken and carried away, basing the calculation on the highest values placed on it by plaintiff, does not exceed $130, and yet the verdict is for $1000, upon which the court entered judgment.

The verdict for that amount is wholly unsupported by any evidence in the record. The property was taken under a

writ of attachment against the goods and chattels of William B. Hayes, and there is evidence tending strongly to show he was the owner. The levy was made in good faith, under the belief the property belonged to the attachment debtor. No unnecessary violence was used in taking the goods, nor was it done under such circumstances as indicated any purpose to wilfully violate the rights of plaintiff, or subject him to any indignity.

It was error in the court to permit plaintiff's wife to become a witness on his behalf. She was not a competent witness, under the exceptions to the 5th section of the act of 1867, nor under the act of 1874, adding to the exceptions of the former act. The latter act provides that, "in all matters of business transactions, where the transaction was had and conducted by such married woman as the agent of the husband, in all such cases the husband and wife may testify for or against each other."

In this case the wife was in no sense the agent of her husband in the transaction out of which the action arose. She had no interest in the property taken, and had no care of it other than that a wife may have of any property that belongs to her husband, when the alleged trespasses were committed.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*