83　116
38a　644

# William Scott Robertson

*v.*

## Christ. Brost.

1. Evidence—*hearsay.* Testimony as to statements made by one not a party to the suit, is inadmissible, except for impeachment, and is not admissible for that purpose unless the proper foundation is laid, by calling such person's attention to the fact and the time and place.

2. Witness—*competency of wife, for her husband.* Where a wife is sent to demand money due her husband, this will not, under the statute, make

her a competent witness for her husband, to prove admissions of the defendant going to prove a prior contract. If she makes a contract as her husband's agent, she is competent to prove the same.

3. EVIDENCE—*rebutting as to impeaching evidence.* Where impeaching evidence is given as to a witness' statements contradictory to his testimony in a deposition, he should be permitted to be recalled and examined as to such statements, although his attention may have been called to them in his deposition, and he therein testified that, to the best of his recollection, he had made no such statements.

APPEAL from the Circuit Court of Peoria county; the Hon. J. W. COCHRAN, Judge, presiding.

Messrs. JOHNSON & HEWETT, for the appellant.

Messrs. McCULLOCH & STEVENS, and Messrs. CRATTY BROS., for the appellee.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by appellee, Brost, to recover of appellant, Robertson, the sum of $197.77, the price of seven car loads of coal which Brost claimed to have sold and delivered to Robertson. The plaintiff recovered, and the defendant took this appeal, and asks a reversal of the judgment for several reasons.

The verdict in this case is by no means satisfactory. The evidence goes strongly to show that the sale of the coal was to one Joseph Foster, of Chicago.

The parties themselves are in direct variance in their testimony, but the facts and several items of written evidence are in corroboration of the defendant. The seven car loads of coal were shipped to Chicago, and were all billed or invoiced in Brost's handwriting, as bought by Joseph Foster, of Chicago, of Brost.

Foster, to whom the coal was sent, testified that, before the receipt of the first car load, Brost called on him, in Chicago, and made the arrangements about the price and future consignments of the coal, and it was agreed that Robertson should

do the corresponding for Brost, and that Robertson acted as the agent, only, of Brost, in the matter. After the coal had all been delivered to Foster, Brost drew a draft on him for the amount. Not being paid, it was forwarded to Chicago, and placed in the hands of attorneys for collection against Foster. Brost sent his wife in to Chicago with a letter to Foster, requesting him to settle for the coal which he got of Brost, with his wife, accompanied also with an account for the coal, made out as bought by Foster of Brost. These attempts to collect from Foster failing, this resort was had to Robertson. But without pronouncing as to the sufficiency of the evidence to sustain the verdict, we will proceed to consider other assignments of error.

It is insisted that the court below erred in admitting and rejecting testimony.

The wife of Brost was admitted, against objection, to testify in his favor in regard to statements and admissions made by Foster and Robertson in interviews had with them.

Her testimony as to Foster's statements and admissions were clearly inadmissible, aside from the objection of the witness being the wife of Brost, as being mere hearsay evidence. The only ground for the reception of such testimony would have been in impeachment of the credit of Foster as a witness in the case, in showing contradictory statements by him. But no foundation was laid for that by inquiry of Foster as to such statements or admissions to or in the presence of Mrs. Brost. But, as wife, we think the witness was incompetent to testify to the conversation had with either Foster or Robertson. The justification for receiving the evidence is rested upon sec. 5, p. 489, Rev. Stat. 1874, permitting the wife to testify for the husband " in all matters of business transactions, where the transaction was had and conducted by such married woman as the agent of her husband."

The agency of the wife here claimed to exist, was that of sending her to Foster and Robertson to get the money for the coal. By virtue of such agency, it is claimed that the wife was a competent witness to establish a contract of the sale of

the coal by Brost to Robertson, in November, 1873, by testifying to admissions made by Foster and Robertson at these times of going to them for the money in January, 1874, tending to show the sale of the coal was made to Robertson. Had the wife, as agent of her husband, made the sale of the coal, then, under the statute, she would have been competent to testify as to the transaction. But she was not. Brost himself made the sale of the coal, with which she had no connection.

The asserted agency of the wife was only in going after the money, some time afterward. She demanded payment, and it was refused. That was all the transaction there was of the business of such agency. Had it been material to the issue, which it was not, to prove the facts of demand of payment, and refusal of payment, then the wife might have been an admissible witness to prove these facts, as matters of a business transaction, where the transaction was had and conducted by a married woman as the agent of her husband. But the claim that such an agency as there was here, to go for the money for the coal, converted the wife into a competent witness to prove a prior contract of the sale of the coal, by testifying to admissions made at the time of her demand of payment, is, as we view it, a perversion of this provision of the statute. Its allowance would be to enable the wife to be made a competent witness for her husband in every suit. He would need but to send her to the adverse party for some purpose pertaining to the subject of litigation, and thus qualify her, under the guise of an agency, to testify to admissions made which would go to establish the cause of action. We are of opinion the wife should not have been received here as a witness at all.

The rejected testimony complained of, is that of the witness Foster. In his deposition taken in the case, he had testified that he bought the coal of Brost; that Robertson acted in the capacity of agent. The plaintiff introduced the depositions of certain witnesses, tending to show that Foster had made contrary statements. Foster, being present at the trial, was offered as a witness by the defendant to contradict these state-

ments, and explain what he did say on the occasion testified of by these witnesses. The court excluded the testimony.

Foster, in his deposition in the case, had his attention called to the time, place and persons involved in these contrary statements, and then testified that, to the best of his knowledge, he did not make them. We think, nevertheless, Foster should have been allowed to be re-examined, as was proposed, in regard to such statements; that such is the proper practice. See 1 Greenl. Ev. § 462.

For the errors indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*