Waggonseller et al. v. Rexford.

---

## JOSHUA WAGGONSELLER ET AL.

### v.

## NANCY REXFORD.

1. EVIDENCE—HUSBAND TESTIFYING FOR HIS WIFE.—AGENCY—It was not contended that the husband was competent to testify in favor of his wife, except by reason of having acted as her agent in the transaction, and the evidence failing to show such agency, his testimony in regard to the transaction was inadmissible.

2. PROOF OF AGENCY.—The only evidence of the agency was that of the husband who testified: "I am her agent in the transaction of her business." He further stated that he went with his wife when she made the bargain in question, and afterwards went to see about the matter of pay. This evidence comes far short of proving an agency on the part of the husband "in matters of business transactions," where the transaction was conducted by the husband as agent for the wife, and is not proof of agency sufficient to let in his testimony in regard to admissions of the deceased.

3. ADMISSIONS TO ONE CLAIMING TO BE AN AGENT.—To make the admissions of the deceased communicated to the husband, admissible as evidence, the knowledge of them must have come to the husband as a necessary part and parcel of the "business transaction" in which he was engaged as her agent.

APPEAL from the Circuit Court of Tazewell county; the Hon. JOHN BURNS, Judge presiding.

Mr. J. W. DOUGHERTY, for appellants; that the husband was incompetent to testify, cited Robinson v. Brost 9 Chicago Legal News, 240; Trepp v. Baker, 78 Ill. 146; Hayes et al. v. Parmalee, 79 Ill. 563.

Mr. B. S. PRETTYMAN, for appellee.

LACEY, J.   This cause was tried in the Tazewell county Circuit Court at the September Term, 1877, before the court, without a jury, on appeal from the County Court, appellee being plaintiff and appellants defendants below.

The cause of action was a claim in favor of appellee against the estate of G. H. Rupert, deceased, appellants being his executors, originating in an agreement, as was claimed, between G. H. Rupert, in his lifetime, and appellee, for the boarding by appellee on account of G. H. Rupert, one C. J. D. Rupert, his wife and three children, who were in indigent circumstances, at a stipulated price of $20 per month when C. J. D. Rupert was absent, and $40 per month when he was present.

The trial resulted in a judgment in favor of appellee for the sum of $220.

This appeal is taken from that judgment, and among other matters, it is assigned for error, that the court below erred in admitting the evidence of L. S. Rexford, who was the husband of appellee.   On his testimony the establishment of appellee's claim wholly depended.

It is not contended that the evidence of L. S. Rexford was admissible to establish the claim save by virtue of chapter 51, Statute 1874, page 489.   It is claimed that, by the exception contained in that section, the evidence was admissible.

After providing that husband and wife should not testify for or against each other, and after making other exceptions, it reads, " except in matters of business transactions, where the transaction was had and conducted by such married woman as the agent of her husband, in all of which cases the husband and wife may testify for or against each other, in same manner as other persons may under the provisions of this act."

The only evidence of the agency, in any transaction by the husband, in matters of business for appellee, which was shown by the evidence of L. S. Rexford, was as follows: "I am her agent in the transaction of her business."   He further stated that he went with his wife when she made a bargain with G. H. Rupert, in his lifetime, to board and house C. J. D. Rupert

Waggonseller et al. v. Rexford.

and his wife and family: "I went, as the agent of my wife, to see Rupert about the matter of my pay for the board of C. J. D. Rupert and family." Then witness states: "That Rupert told him at that time, that he had agreed with witness' wife for boarding them at the rate of $20 per month while C. J. D. Rupert was absent, and $40 per month when he was present." This was about the first day of December, 1874. Mrs. Rupert and her three children came to our house to board about the 10th of June previous, and C. J. D. Rupert about the first of November, 1874. They all remained till the 10th of December, 1875. "At this same conversation, G. H. Rupert gave him an order on John D. McIntire for money to support C. J. D. and family, on which order, at various times, McIntire paid in the aggregate about $700. Before that time, G. H. Rupert had given him $60 for his wife on the account."

The above was all the evidence to support the claim of the appellee, and all the evidence in regard to the agency of the husband for the wife.

This evidence comes far short of proving an agency on the part of the husband "in matters of business transactions, where the transaction was conducted" by the husband as agent for the wife.

When the witness went with his wife, at the time she made the above alleged bargain with G. H. Rupert, he was not her agent to do anything; he simply went along; but he testified about nothing that was said or done at that time. At the time he went to see G. H. Rupert, as he alleges, as the agent of his wife, "to see about the matter of his pay," etc., he testifies that Rupert stated to him what the contract was. This evidence was inadmissible.

He had no agency in making the contract; his agency at that time was confined "to seeing about his pay." To hold, that this would be proof of agency sufficient to let in his testimony in regard to G. H. Rupert's admissions, would be to hold that the wife might constitute her husband her general agent, to receive admissions in regard to "matters of business transactions," long since passed, and that he might become her witness to detail such admissions.

The law, as laid down in the statute, never contemplated this. The testimony of appellee's husband, which shows the time when C. J. D. Rupert and family commenced boarding with his wife, and when they quit; evidence indispensable to her right of recovery in this case, it alone establishing the amount of her claim, was equally incompetent and improper.

There were "no matters of business transactions" connected with this testimony. The husband learned these facts in the same manner that any other individual might have learned them.

In contemplation of the statute, she could not constitute him agent simply to learn these facts.

To make such evidence admissible, the knowledge must have come to him as a necessary part and parcel of the "business transaction" in which he was engaged as her agent. William Scott Robinson v. Christ Brost, Leg. News of April 7, 1877, p. 240; Trepp v. Baker, 78 Ill. 146; Hayes v. Parmalee, 79 Ill. 563.

It was therefore error to admit such evidence against the objection and exceptions of appellant.

The cause is therefore reversed and remanded.

Reversed and remanded.