Sargeant v. Marshall.

---

## WILLIAM G. SARGEANT
### V.
## JACKSON MARSHALL.

*Replevin—Sale of Team—Possession under Contract of Sale—Innocent Purchaser without Notice—Instructions—Estoppel.*

1. An innocent purchaser of property from a vendee in possession under a contract of sale with an unpaid vendor, without notice, acquires title.

2. The owner of personal property wrongfully taken from his possession is not bound to pursue it diligently and recapture it, under penalty, in case of neglect, of losing title, if sold to a third party.

3. The vendee is bound to know the title to personal property when he purchases, and the owner is not estopped, unless he stands by and sees a person about to purchase and makes no claim.

4. An instruction which ignores the main issue in the case, and is misleading in a serious degree, is not helped by a direction that it should be considered in connection with the other instructions in the case. The instructions should be harmonious and not contradictory.

5. An instruction which is argumentative and has no sufficient basis in the evidence, is erroneous.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. A. McKENZIE, for appellant.

Instructions calling attention to a part only of the evidence

are bad; and especially so when, as here, it ignores all there is in plaintiff's case—all evidence and claim that Moore turned the horses over to William G. Sargeant, and transferred his, Moore's, title to him—ignores, in fact, the entire transaction which created plaintiff's right. Ill. Linen Co. v. Hough, 91 Ill. 63; C., B. & Q. R. R. Co. v. Sykes, 96 Ill. 162; Logg v. People, 92 Ill. 598; Coon v. People, 98 Ill. 368; Chambers v. People, 105 Ill. 409; Evans v. George, 80 Ill. 51.

An instruction which ignores the important and turning point in a case is erroneous. Sinclair v. Berndt, 87 Ill. 174; C., B. & Q. R. R. v. Griffin, 68 Ill. 499.

Instructions must not ignore the main ground of recovery. Thorne v. MacVeagh, 75 Ill. 81; Am. Ins. Co. v. Crawford, 89 Ill. 62.

When instructions are opposite, it is error. It leaves the jury to select which ones to follow. W., St. L. & P. Ry. v. Schacklet, 105 Ill. 364; Ill. Linen Co. v. Hough, 91 Ill. 63; Cummings v. Leighton, 9 Ill. App. 186; Knowlton v. Fritz, 5 Ill. App. 217; Steinmeyer v. People, 95 Ill. 483; Stratten v. Cent. City H. Ry., 95 Ill. 25.

Messrs. J. J. Tunnicliff and G. W. Prince, for appellee.

Lacey, P. J. This was an action in replevin brought by appellant against appellee to recover the possession of two horses described in the writ. The pleas were non cepit, non detinet and property in defendant.

The evidence in the case shows that one Jared Moore purchased the team in question of either James Sargeant, the brother of appellant, or the appellant himself—for the purposes of the trial it is immaterial which—in August, 1886, for $205, and paid $30 of it, and was to give a note to appellant for balance, without interest, due in one year. It seems that if appellant was not the absolute owner or vendor of the team he was the creditor of his brother James, and the purchase price of the team was to be paid to him, and he was to receive a mortgage on it to secure the amount due from Moore.

Moore took possession of the team but never gave the

security as required, and in March, 1887, sold it to the appellee for $125 and delivered it to him, who was not aware but that Moore was the absolute owner of the team.   If this were all there was of the case, the appellee would undoubtedly be protected in his purchase, as between him and James Sargeant or between him and appellant.   For, in case one holds property in possession under a contract of sale with an unpaid vendor and sells to an innocent purchaser without notice of the condition, such purchaser acquires title to the property. Young v. Bradley, 68 Ill. 553.

But the claim of the appellant rests upon another important fact, or facts, as he insists and as the evidence tends strongly to show.   It tends to show that some time about the 19th to 22d day of February, 1887, Jared Moore brought back the team to appellant's premises and delivered it up to him in payment of the purchase money remaining due, and that it was accepted by appellant and put into his stable, or barn, and remained there some time, and in the absence of appellant, Moore came and took it away without leave; that appellant made some ineffectual attempts to recover the team; that Moore, still retaining the possession of the team, sold it as stated, March 25, 1888, to appellee.   Under this state of facts the court instructed the jury in substance for the appellee, by the second instruction, that if James Sargeant sold the horses to Moore in the manner above set forth and delivered possession to him, and that if the appellee purchased them of said Moore as claimed, then it should find for the defendant, thus entirely ignoring the vital point of the alleged re-purchase of the horses by appellant for the unpaid purchase money.

This instruction was most clearly erroneous.   It entirely ignored the main issue in the case and was misleading in a serious degree; nor was it helped out by the court adding that it should be considered with the other instructions in the case.

The third of appellee's instructions setting up an estoppel against appellant in regard to claiming the team as against appellee, was also erroneous.   It informed the jury that if, after appellant had taken possession of said horses from Moore by consent, for failure to comply with the original contract of

sale, Moore the next day took possession of the horses, and appellant was immediately informed of it, but made no effort to re-possess himself of the horses, but on the contrary endeavored to collect from Moore by *capias*, or otherwise, the value of said horses, and knowingly permitted Moore to retain possession of the same, to exercise control and ownership over the same, claiming them as his own, for a period exceeding one month, and that said horses were at said time within five or six miles of where said Sargeant lived, and if appellee purchased said horses for a valuable consideration from Moore, and he was induced and persuaded to do so by the negligence and inaction of appellant, then the verdict must be for the appellee.

There appears to be no sufficient evidence upon which to base the above instruction, and it is erroneous as matter of law. We find no evidence that appellant knew that Moore was claiming the team as his own. The instruction is also argumentative.

It is suggested that if appellant made no effort to regain possession of the horses but endeavored to collect from Moore by *capias* the value of the horses, then he would be estopped to claim title. Now such want of endeavor, if made, would be no ground for estoppel; it might be evidence more or less strong, according to circumstances tending to show that appellant did not claim title, and it might be no evidence of consequence showing that fact. The various points of negligence would not create an estoppel. It would show no bad faith, or that the action of appellant induced appellee to purchase. Every one is bound to know the title to personal property when he purchases, and the owner would not be estopped unless he stood by and saw a person about to purchase and made no claim; he must act in good faith; but the owner of personal property, when wrongfully taken from his possession, is not bound to pursue it diligently and recapture it, under penalty, in case of neglect, of losing title if it is sold to a third party. If a horse be stolen from the owner, is he bound to pursue the thief diligently at the risk of losing title in case the horse be sold, though he would have good cause

to know the thief would claim title? The instruction is clearly erroneous and damaging to the cause of the appellant and may have induced the verdict of the jury.

These instructions are not cured by any proper instructions given at the instance of appellant. All instructions should be harmonious and not contradictory. The appellant's refused instructions appear to have announced the proper doctrine and should have been given unless they had, in substance, been given, and we are inclined to think they had not.

The appellee's fourth instruction needs some modification at the end of it like this: " unless defeated by a valid prior re-sale from Moore to Sargeant, if one was made."

This would make the sale of Moore to appellee good as against any rights appellant might have to reclaim the property under the conditional delivery by him or James Sargeant to Moore, under the original sale, liable to be defeated by the sale and delivery claimed by appellant in February by Moore to him, if one is established by the evidence before the jury. Otherwise the instruction would not state the case correctly.

For these errors the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*