# WILLIAM G. SARGEANT
## v.
# JACKSON MARSHALL.

*Evidence—Reading Testimony from Bill of Exceptions—Instructions —Wife of Party as Witness—Agency of Wife.*

1. It is error for a court to permit an attorney to read from the bill of exceptions, over the objection of the opposing party, testimony of a witness given upon a former trial.

2. For an instruction to single out unimportant items of testimony and call the attention of the jury thereto, is improper.

3. Where property is placed in the charge of a wife during her husband's absence, with instructions as to what she shall do therewith, this constitutes a "business transaction" and an "agency" within the meaning of the statute, providing that in such case the wife is a competent witness for the husband.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Knox County; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. J. A. McKENZIE, for plaintiff in error.

Messrs. WILLIAMS, LAWRENCE & BANCROFT, for defendant in error.

C. B. SMITH, P. J.    This was a suit in replevin brought by plaintiff in error against defendant in error to recover the possession of a span of horses.   On a trial below the plaintiff was defeated, and  he  now brings the case here on error, and  assigns  the  usual  errors.   This case was before us at a former term  and was then reversed and remanded for a new trial.  The case will be found reported in the case of Sargeant v. Marshall, 28 Ill. App. 177, where the facts connected with the transaction are fully stated.

It is earnestly urged that this verdict is not sustained by the evidence.   Inasmuch as the judgment will be reversed

Sargeant v. Marshall.

and a new trial ordered for other errors in this record, we shall express no opinion as to whether the verdict is sustained by the evidence. The defendant's counsel was permitted to read from the bill of exceptions, taken on the former trial, a portion of the plaintiff's testimony which was heard by the jury on a former trial. This was permitted by the court against the objection of plaintiff's counsel. This was error; such testimony is not competent except by consent. Roth v. Smith, 54 Ill. 431; O'Neal v. Calhoun, 67 Ill. 219. Here there was not only no consent by counsel for plaintiff but objection made to it.

The plaintiff in error contends that the 3d instruction given for the defendant was erroneous. We think this claim is well made. The instruction is a clear departure from any right or fair method of instructing a jury. While it attempts to avoid the error which reversed the case before, it commits another equally vicious. It calls the attention of the jury to certain particular and unimportant facts in an unfair and argumentative and garbled manner, and directs the particular attention of the jury to such facts, informing them they *should* consider such facts. Instead of the instruction stating some principle of law applicable to the case, plainly and fairly, it is a mere argument by the court upon the importance of a certain partial statement of the facts. This method of instructing juries has been so often condemned and criticised that it would seem unnecessary to repeat it. The instruction also has the appearance in its indirect language to evade the rule of law as announced in our former opinion, which was, that the plaintiff did not lose the title to the property by his failure to immediately pursue and retake it.

We think there was no error in permitting the defendant to prove the contents of the *capias* papers, in so far as to prove that that proceeding was begun to recover the money value of the mules. We think there was no error in refusing the 9th instruction, as its object seems to be to avoid the force of an estoppel against plaintiff growing out of the *capias* proceedings. While the *capias* proceedings could not operate as an estoppel *per se*, still it was competent evidence as tending

to show that plaintiff had abandoned any claim to the mules. If the *capias* proceedings were instituted by the plaintiff without any purpose or intention to abandon his title to the mules, then such proceeding would not operate as an estoppel against him; but the instruction as drawn was liable to mislead the jury.

We think it was error to exclude the plaintiff's wife from being a witness. The testimony tended to show that the mules were placed in her charge and care during her husband's absence, and not to allow them to be taken away. We think this was a "business transaction" and an "agency" on the part of the wife to act for her husband under his express directions during his absence, and falls within the language of the statute. Sec. 5, Chap. 51 (R. S.), 1874; Robertson v. Brost, 83 Ill. 116.

For these errors the judgment is reversed and remanded.

*Reversed and remanded.*