## Ellen McElroy, Appellant, v. The Catholic Press Company, Appellee.

## Gen. No. 15,833.

1. MALICIOUS PROSECUTION—*what conclusive evidence of probable cause*. A conviction, although reversed by a reviewing court, is conclusive evidence of probable cause, unless obtained by fraud or perjury.

2. MALICIOUS PROSECUTION—*what does not tend to establish want of probable cause*. Malice may be inferred from the want of probable cause but want of probable cause cannot be inferred from malice.

3. MALICIOUS PROSECUTION—*what evidence incompetent in action for*. The opinion of the Supreme Court reversing a judgment of conviction is not competent nor is the bill of exceptions made up in the criminal trial, either for the purpose of showing the testimony given by a witness or for the purpose of showing the remarks of the trial judge.

Action for malicious prosecution. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed November 2, 1911.

WHITMAN & HORNER, for appellant; LLOYD C. WHITMAN and T. B. COSGROVE, of counsel.

WINSTON, PAYNE, STRAWN & SHAW, for appellee; JOHN BARTON PAYNE and WALTER H. JACOBS, of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellant, hereinafter called the plaintiff, brought suit against the appellee, hereinafter called the defendant, for damages for malicious prosecution. On the trial, at the close of the plaintiff's case, the court instructed a verdict for the defendant, and the plaintiff appeals.

The declaration averred, among other things, that the defendant falsely, maliciously and without probable cause, caused the plaintiff to be arrested, taken before

a justice of the peace and by said justice held to the grand jury; that plaintiff was indicted and placed on trial; that the defendant falsely and maliciously and without probable cause procured the conviction of the plaintiff of embezzlement under the said indictment; that the plaintiff was sentenced on the verdict to the penitentiary; that on a writ of error to the Supreme Court the said conviction and sentence were reversed and the cause remanded by the said Supreme Court to the Criminal Court of Cook county; that for a period of two years after the said judgment was reversed and the cause remanded no mandate of the Supreme Court was issued in said cause, nor any proceeding taken therein, and by reason thereof the said prosecution had been abandoned and wholly determined.

An important question that arises on this record is: Was the conviction of the plaintiff, subsequently reversed, conclusive evidence of the want of probable cause? There is a conflict of the authorities on the question, a discussion of which need not be here undertaken. Some courts hold that in the absence of extrinsic and collateral fraud, a conviction, although reversed by a reviewing court, is conclusive evidence of probable cause.; some hold that it is so conclusive unless obtained by fraud or perjury in the action, and some hold that, in any event, it is only *prima facie* evidence of probable cause. In Thomas v. Mushlmann, 92 Ill. App. 571, and Gilmore v. Martin, 115 Ill. App. 46, this question was discussed and many authorities cited. As we read those cases this court takes the view that a conviction, although reversed by a reviewing court, is conclusive evidence of probable cause, unless the conviction was obtained by fraud or perjury. In Topolewski v. Plankington Co., 143 Wis. 52 (126 N. W. Rep. 554), a case very similar to the one at bar, is an interesting discussion of the question. In Crescent Live Stock Co. v. Butchers Union, 120 U. S. 141, the court said: "The rule in question, which declares that the judgment or decree of a court having juris-

diction of the parties and of the subject-matter, in favor of the plaintiff, is sufficient evidence of probable cause for its institution, although subsequently reversed by an appellate tribunal, was not established out of any special regard to the person of the party. As we have already seen, it will avail him as a complete defense in an action for a malicious prosecution, although it may appear that he brought his suit maliciously for the mere purpose of vexing, harassing and injuring his adversary. The rule is founded on deeper grounds of public policy in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law, and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them. The rule, therefore, has respect to the court and to its judgment, and not to the parties, and no misconduct or demerit on their part, except fraud in procuring the judgment itself, can be permitted to detract from its force. It is equally true and equally well settled in the foundations of the law that neither misconduct nor demerit can be imputed to the court itself. It is an invincible presumption of the law that the judicial tribunal, acting within its jurisdiction, has acted impartially and honestly. The record of its proceedings imports verity; its judgments cannot be impugned except by direct process from superior authority. The integrity and value of the judicial system, as an institution for the administration of public and private justice, rests largely upon this wholesome principle."

We conclude that the rule of this state is and should be that a conviction, although reversed by a reviewing court, is conclusive evidence of probable cause, unless obtained by fraud or perjury.

The plaintiff claims that her conviction was obtained by the perjured testimony of Mr. Hubbard, agent of

the defendant, in that he testified on the trial that the plaintiff had no right to retain commissions out of the monies collected by her, when in truth and in fact, and he well knew, she had such right to retain said commissions. The plaintiff testified in respect to Mr. Hubbard's testimony on the trial of the criminal case against her: "On direct examination he said that I did not have a right to deduct my commissions." Her counsel then asked: "What did he say about it on cross-examination, when your lawyer got after him?" She answered: "He said I did." It therefore appears that the proof of the plaintiff shows that Mr. Hubbard on the trial of the criminal case testified that she had no right to deduct her commissions, yet on cross-examination he changed his answer and said that she did. How, under such circumstances, Mr. Hubbard's testimony that she had no right to deduct her commissions procured her conviction, is not apparent to us.

The plaintiff complains of errors in the refusal of the court to permit her to introduce in evidence the opinion of the Supreme Court in said criminal case, reported in 202 Ill. 473; the record thereof and the remarks of the trial judge made during the trial; also that the court improperly limited the introduction of the said mandate to show only the reversal of the criminal case. There was no error in the said rulings. The opinion of the Supreme Court on the law there announced was manifestly the authority and guide to the trial court in such respects as pertinent, but was not material on the issue of fact submitted to the jury in this case. The certified transcript of the said criminal case by the clerk of the Supreme Court, containing the bill of exceptions, was offered generally and, as we understand it, for two purposes: First, to show the testimony of the witness Hubbard in the People's case in the Criminal Court. For this purpose the record was properly excluded. Roth v. Smith, 54 Ill. 431; O'Neall v. Calhoun, 67 Ill. 219; and Sar-

geant v. Marshall, 38 Ill. App. 642. Next, the record was offered, and also the remarks of the judge on the trial of the case, to show that the plaintiff did not have a fair trial in the Criminal Court. In the language of some of the courts in this class of cases, it is sometimes said the conviction when reversed upon review is not conclusive evidence of probable cause where the defendant did not have a fair trial, always coupled, however, with fraud or perjury where the rule is as we conceive it to be in this state. The fraud and perjury whereby the conviction is claimed to have been obtained, is the issue in the malicious prosecution case, and not the "fairness" of the trial in the criminal case. We certainly do not agree that the "fairness" of the trial in the Criminal Court should have been submitted to the jury in this case. The quotation of the United States Supreme Court in the Crescent Live Stock Co. case, *supra*, we think particularly apt in this connection. The remanding order of the Supreme Court was only admissible to show the criminal case was reversed and tending to prove said prosecution abandoned and finally determined. Tumalty v. Parker, 100 Ill. App. 382, and cases there cited.

We think that the evidence presented by the plaintiff tended strongly to prove malice on the part of the defendant. That malice may be inferred from the want of probable cause, but want of probable cause cannot be inferred from malice, is well settled. The plaintiff failing to make any proof that the conviction was obtained by perjury, the court properly directed a verdict, and the judgment is affirmed.

*Affirmed.*