## PAGE & als. versus CUSHING & als.

Evidence that damages have been suffered by a *malicious* prosecution by defendants, commenced without *probable cause*, is sufficient to support an action for a conspiracy in instituting such prosecution.

*Unlawful* acts *willfully* done, are malicious as to those who are injured thereby.

*Probable cause* cannot be predicated for a prosecution to accomplish a purpose, known by the prosecutor to be unlawful.

In an action for the *abuse of legal process*, it is unnecessary to allege or prove, that it was sued out *maliciously* or without *probable cause*, or that it had terminated.

ON EXCEPTIONS, HATHAWAY, J.

TRESPASS ON THE CASE for a conspiracy in commencing a prosecution and abuse of legal process.

Defendants severally pleaded the general issue.

Plaintiffs were owners of the steamer Boston, running between Bangor and Boston and touching at the intermediate ports.

On the third day of Dec. 1851, the Penobscot river being closed with ice, the boat was expected to stop at Frankfort, where defendants lived.

All but one of defendants made complaint to that one, and obtained a warrant under c. 211 of Acts of 1851, to search said steamboat.

Evidence was introduced by plaintiffs tending to show, that the complaint and warrant were made before she arrived, and for the purpose of seizing the liquors she had on freight, when she arrived.

The Judge instructed the jury, that to maintain the action, plaintiffs must prove, that the prosecution to search the boat was instituted by the defendants maliciously and without probable cause, and that plaintiffs sustained damage thereby; *that* the defendants had no lawful right to seize the liquors on board the boat, which were there merely on freight, and any combination or conspiracy to do so, would be for an unlawful purpose; and *that* if the defendants, who made the complaint, made it to defendant Jones, (the magistrate,) before the steamboat arrived at Frankfort, and if

the defendants all knew that the steamboat was not at Frankfort when the complaint was made and sworn to and the warrant made, there could not have been probable cause for the complaint at that time, and *that* malice might be inferred by the jury from want of probable cause; *that* it was not necessary, to maintain the action, that defendants should have had any corrupt design, or that there should have been any moral turpitude in the act complained of; *that* defendants might have acted from good motives, and probably did, but if they intended to take liquors from the boat, which they knew were there merely on freight, and combined and confederated for that purpose, they were not justified, and that if by such combination, for such unlawful purpose and the acts done by them in effecting such purpose, they occasioned damage to the plaintiffs, they would be liable to pay such damage.

The defendants requested the following instructions:—

1. That plaintiffs must show, that the complainants knowing and having good reason to believe the facts stated in their complaint to be false, notwithstanding maliciously made the complaint.

2. To sustain this action of conspiracy, so far as based on the abuse of legal process, the plaintiffs are bound to show, that the respondent in the prosecution has been acquitted of the charge in the complaint.

The first was refused except as contained in the instructions, the Court deeming it unnecessary to add to them, and the second was wholly refused.

A verdict was returned for plaintiffs, and defendants excepted to the instructions and refusals.

*A. W. Paine*, in support of the exceptions, argued that the principles which governed this action and that for a malicious prosecution were alike. The first clause of the instructions was wrong, because it makes a party criminally responsible for the correctness of his opinion in matters of law. Probable cause does not depend upon the actual state of the case, but upon the honest and reasonable be-

lief of the party prosecuting. 2 Greenl. Ev. § 455 ; 4 Cush. 238; 11 Ad. & El. 483 ; *Payson* v. *Caswell*, 22 Maine, 226 ; *Stone* v. *Crocker*, 24 Pick. 86 ; *Willis* v. *Noyes*, 12 Pick. 326 ; 33 Maine, 332.

As to the instruction regarding malice, there is no such absurdity recognized by law, that a *good* motive may be a *malicious* one. Where malice has been inferred, there has been a want of *bona fides.* 8 C. & P. 11 ; 34 C. L. 276 ; 3 M. & P. 12 ; 1 Am. Lead. Cases, 226 ; 1 Mason, 104 ; 6 Bing. 183 ; 2 Greenl. Ev., note to p. 368.

Again, the Judge took from the jury the question of malice, which cannot be sustained. The Court drew the inference of *malice* from the want of probable cause. The language of the books is, that it *may be inferred,* not *must* or *shall be inferred.* 2 Greenl. Ev. § 453. The law on this question is settled in *Sutton* v. *Johnson*, 1 T. R. 493, and appears to be against the instruction.

It is for the jury to infer malice from the want of probable cause. *Mitchel* v. *Jenkins*, 5 Ad. 588.

The only justification for the instruction is found in *Adams* v. *Paige*, 7 Pick. 542, which has been virtually overruled by same Court in 11 Pick. 527 ; 3 Cush. 145, and by our Court in 27 Maine, 427.

The requested instruction, that an acquittal must be shown to sustain the action for malicious prosecution is settled in 4 Cush. 217 ; 2 Greenl. Ev. § 452 ; 1 Salk. 21 ; 2 Salk. 452. The same doctrine is applicable to actions of conspiracy. 1 Am. Lead. Cases, 228 ; 1 Jones, 93 ; 10 Mod. 214 ; 2 Mass. 172.

That the first request should have been given, see 1 Am. Lead. Cases, 216 ; 4 Pick. 393 ; 3 Mason, 102 ; 3 Steph. N. P. 2275.

*Rowe & Bartlett, contra,* cited 13 Maine, 459 ; 12 Pick. 324 ; 15 Pick. 340 ; 24 Pick. 87 ; 12 Conn. 225.

HOWARD, J. — The plaintiffs claim damages for conspiracy, in the malicious institution of a prosecution, and abuse of

legal process. Under the instructions given, they were required to prove affirmatively, in order to maintain their action, that they had sustained damages by the prosecution instituted by the defendants maliciously, and without probable cause. To these instructions, in the letter and spirit of the law, on the subject of malicious prosecutions, the defendants have no legal grounds of complaint. Nor were they injured by the directions given in reference to a conspiracy to do an unlawful act, knowing it to be unlawful at the time, as repelling the existence of probable cause. For there can be no such thing as probable cause for a prosecution to accomplish a purpose, known to the prosecutor to be unlawful.

Whether the facts and circumstances appearing in a given case amount to probable cause, is for the Court to decide, as a matter of law; and the question of malice is to be determined by the jury. But in a legal sense, malice has a meaning different from its popular signification. Acts willfully and designedly done, which are unlawful, are malicious in respect to those to whom they are injurious. One may prosecute a laudable purpose with an honest intention, but in such a manner, and in such disregard of the rights of others, as to render his acts unlawful. Prosecutions may be instituted and pursued with pure motives, to suppress crimes, but so regardless of established forms of law, and of judicial proceedings, as to render the transactions illegal and malicious. The general motive may be upright and commendable, while the particular acts in reference to others, may be malicious, in the legal acceptation of the term. So that an act may be malicious in a legal sense, which is not prompted or characterized by malevolence or corrupt design.

The instructions on the subject of malice, were therefore correct, although seemingly paradoxical, when the distinction between malice in a popular and in a legal sense, is overlooked.

The remarks of the presiding Justice, substantially, that

if the defendants conspired and confederated to accomplish a purpose which they knew to be unlawful, and by their acts done in effecting such unlawful purpose, they occasioned damage to the plaintiffs, they would be liable for such damage, as embracing a general proposition, would be correct; and taken in connection with previous instructions, would be unobjectionable.

The first request for instructions was properly refused, on the ground, that sufficient directions had been previously given upon the point presented in the request. It was within the discretion of the Judge whether or not to repeat his instructions.

In an action for abuse of legal process it is not necessary to aver or prove, that the process is at an end, or that it was sued out maliciously, or without probable cause. For a prosecution which is not malicious may be improperly employed, and an action will lie for damages occasioned by its abuse, whether or not it be terminated. *Grainger* v. *Hill*, 4 Bing. N. C. 212; 2 Greenl. Ev. 452. This would furnish sufficient reason for refusing to comply with the second request. But there are other reasons why the instructions asked for in that request could not have been granted. It does not appear, that Sandford, the supposed " respondent" in the prosecution, was ever arrested, or arraigned for trial, or that he was directly charged with an offence; the plaintiffs could not, therefore, show, or be required to show, in the language of this request, that he had been " acquitted of the charge made in the complaint."

In an action for a malicious criminal prosecution, the plaintiff may show that the prosecution has terminated without proving an acquittal; as that it has been abandoned by the prosecutor, and the government, before his arraignment, or before he has been required to plead, as was alleged, and not contradicted, in the case at bar. The reason for averring and proving how the original prosecution was determined, before maintaining an action for malicious prosecution, is given, that otherwise, the plaintiff might recover damages,

when by a subsequent disposal of the prosecution, it might appear, that it was not malicious and without probable cause, and thus the results would be inconsistent. *Parker* v. *Langley*, 10 Mod. 209; *Fisher* v. *Bristow*, Doug. 215. But the burden of proof is upon the plaintiff, to establish malice and the want of probable cause, on the part of the prosecutor, which may be done upon his own admissions by plea or parol; and when they can be proved, there is no reason why the suit for damages should be postponed until the prosecution, shown to be false and hopeless, should be more formally terminated. The bare possibility of inconsistent verdicts should not exempt or relieve a party from responsibility for damages for admitted wrongs. It has been held, that a return of *ignoramus* upon a bill, by the grand jury, is sufficient to show the termination of the prosecution. *Morgan* v. *Hughes*, 2 T. R. 225. A nonsuit would have a like effect upon an action alleged to be malicious, to show that it was at an end, although another suit might be brought for the same cause. 10 Mod. 209, before cited.

.*Exceptions overruled.* —

*Judgment on the verdict.*

SHEPLEY, C. J., TENNEY and CUTTING, J. J., concurred.