MARY L. GARING *vs.* MARY J. FRASER and others.

Cumberland.   Opinion February 23, 1884.

*Pleadings.   Case.   Perjury.   R. S., c. 82, § 124.   Malicious prosecution.*

In an action against several defendants for conspiring together to procure the plaintiff to be indicted and convicted of a crime, by false and perjured testimony, and for causing him to be thus indicted and convicted by such false and perjured testimony, the gist of the action is the alleged tort and not the alleged conspiracy.

At common law an action does not lie against a witness for perjury; and the provisions of R. S., c. 82, § 124, are confined to perjury in civil cases.

A simple *nol. pros.* is not such a determination of an indictment as will entitle the accused to maintain an action for malicious prosecution.

ON EXCEPTIONS to the rulings of the presiding justice in sustaining a demurrer to the following declaration.

(Declaration in writ.)

"In a plea of the case, for that the said plaintiff being a good, true and faithful citizen of this State, and having behaved and conducted herself as such from her nativity to the present time, and so among her neighbors as well as others was known and reputed.    Yet the said defendants, not ignorant of the premises, but contriving and maliciously intending to hurt, wound and injure the plaintiff, and her unjustly to vex, molest and disturb, and to cause her to suffer punishment and to be fined, and also imprisoned for a long space of time, and thus to be deprived of her liberty, and thereby to impoverish, oppress and wholly ruin her; did at Portland, in the county of Cumberland and State of Maine, on the second day of January, A. D., 1883, maliciously and wickedly conspire, combine, confederate and agree together amongst themselves to falsely accuse, and by means of false testimony, to procure the plaintiff to be indicted and convicted of the crime of maintaining a common nuisance, an indictable offence by the laws of the State of Maine, and punished by a fine and imprisonment; and did then and there, at the January term of the superior court, within and for the county of Cumberland, held at Portland, aforesaid, on the first Tuesday of January, A. D., 1883, by false, fabricated and perjured testimony, accuse the said plaintiff of the crime aforesaid before the grand jury of the county aforesaid, whereby said grand jury returned into said court a certain bill of indictment in words and figures as follows, viz:"    .   .   .

"Which said indictment the court aforesaid caused to be read, and caused said plaintiff to answer thereto in said court before a jury of the court aforesaid, duly impanneled to try said plaintiff on said indictment procured as aforesaid, and said plaintiff was put on her trial on said indictment in said court on the nineteenth day of January, aforesaid, and the said defendants then and there at said trial before the court and jury aforesaid, gave said false, fabricated and perjured testimony against said plaintiff, and in support of the allegations contained in said indictment procured as aforesaid and by means of said false, fabricated and perjured testimony given as aforesaid before the court and jury

aforesaid the plaintiff was by the verdict of said jury found guilty of the crime charged in said indictment, and the said court thereafterwards on motion of said plaintiff and a hearing thereon, set aside the verdict of the jury aforesaid because of the false, fabricated and perjured testimony given by said defendants at the trial as aforesaid, and thereafterwards the county attorney, who prosecutes for the State of Maine within and for the county of Cumberland, entered on the records of said court a *nolle prosequi* to said indictment, as by the records and proceedings remaining in said court appears.

"By means of the premises aforesaid and the said false, fabricated and perjured testimony given in said court as aforesaid, the plaintiff has suffered great anxiety and pain of body and mind, and has been forced and obliged to lay out and expend divers sums of money in the whole amounting to a large sum of money, to wit, six hundred and fifty dollars, in and about defending herself in the premises, and has been greatly hindered and prevented by reason of the premises from transacting her lawful and legal affairs for the space of twenty-six days, and also by reason and means of the said premises she, the plaintiff, has been, and is, otherwise greatly injured in credit and circumstances. To the damage of the said plaintiff, (as she says) the sum of fifteen thousand dollars."

*H. D. Hadlock*, for the plaintiff.

The allegations in the declaration are such as show that the act complained of was an illegal act and unlawfully done and therefore malicious. *Page* v. *Cushing*, 38 Maine, 523.

In a legal sense any act, done wilfully and purposely to the prejudice and injury of another, which is unlawful, is against that person malicious. *Com.* v. *Snelling*, 15 Pick. 337 ; *Wills* v. *Noyes*, 12 Pick. 324 ; *Mitchell* v. *Wall*, 111 Mass. 492 ; *Humphries* v. *Parker*, 52 Maine, 502 ; *Pullen* v. *Glidden*, 66 Maine, 202.

This action is brought to recover damages caused by the perjury of the defendants. The constitution Art. 1, § 19, provides that "every person for an injury done him in his person, reputation

property or immunities, shall have a remedy by due course of law and right and justice shall be administered freely and without sale, completely and without denial, promptly and without delay."

The 5 Eliz. c. 9, made perpetual by 29 Eliz. chapter 5, § 6, enacted that when any person shall be convicted upon the false testimony of witnesses; that upon every reversal of such conviction the parties grieved may recover his or their damages against all and every such witness.

The law when properly administered gives redress for all injuries caused by the wrongful acts of others, and this ancient statute was enacted for that purpose and it is now undoubtedly common law with us.

As to the effect of entry of *nol. pros.* see : *Brown v. Randall,* 36 Conn. 56 ; Swift's Digest, Vol. 1, p. 491 ; SHAW, C. J., *in Parker v. Fareby,* 10 Cush. 281 ; SHERWOOD, C. J., *in Mayer v. Walter,* 64 Penn. 286 ; *Brook v. Carpenter,* 3 Bing. 297 ; *Jones v. Given,* Gilbert's Cas. 185 ; *Gilbert v. Emmons,* 42 Ill. 143 ; *Chapman v. Woods,* 6 Blackf. 504 ; *Moulton v. Beecher,* 15 N. Y. S. C. 100 ; *Driggs v. Burton,* 44 Vt. 143 ; *Shock v. McChesney,* 4 Yeates, 507 ; *Kelley v. Sage,* 12 Kan. 110 ; *Marbourg v. Smith,* 11 Kan. 554 ; *Morgan v. Hewes,* 2 T. R. 225.

*M. P. Frank,* for the defendants, cited : *Parker v. Huntington,* 2 Gray, 124 ; *Dannehey v. Woodsum,* 100 Mass. 195 ; *Gibson v. Waterhouse,* 4 Maine, 226 ; *Payson v. Caswell,* 22 Maine, 212 ; *Humphries v. Parker,* 52 Maine, 502 ; *Parker v. Farley,* 10 Cush. 279 ; *Bacon v. Towne,* 4 Cush. 217 ; *Brown v. Lakeman,* 12 Cush. 482 ; *Willington v. Stearns,* 1 Pick. 497 ; *Bennett v. Davis,* 62 Maine, 544 ; *Brown v. Webber,* 6 Cush. 570.

VIRGIN, J. The plaintiff alleges in substance that the defendants maliciously conspired to falsely accuse, and, by means of false testimony, to procure him to be indicted and convicted of the crime of maintaining a nuisance ; that by false and perjured testimony the defendants did accuse him of said crime before the grand jury who found an indictment therefor against him ; that

he was tried on said indictment, and, by means of false and perjured testimony given by them at the trial, the jury found him guilty of the charge ; that the court set aside the verdict because of said false and perjured testimony ; and that thereupon the county attorney entered upon the records of the court a *nolle prosequi* to said indictment with allegations of damages.

The gist of the action is not the conspiracy alleged, but the tort committed by the defendants and the damage resulting therefrom. To charge all the defendants, joint action must be proved, and the allegation of a conspiracy may be a proper mode of alleging it ; but for any other purpose it is wholly immaterial, as it does not change the nature of the action, or add anything to its legal force or effect. *Dunlap* v. *Glidden*, 31 Maine, 438 ; *Parker* v. *Huntington*, 2 Gray, 124 and cases there cited ; *Jones* v. *Baker*, 7 Cow. 445 ; *Wellington* v. *Small*, 3 Cush. 145 ; *Hayward* v. *Draper*, 3 Allen, 551 ; *Rice* v. *Coolidge*, 121 Mass. 394 ; *Randall* v. *Hazelton*, 12 Allen, 414 ; *Barber* v. *Lesiter*, 7 C. B. (N. S.) 184.

The acts of the defendants are alleged to be false and perjured testimony. But at common law an action will not lie against one for perjury. *Dunlap* v. *Glidden*, 31 Maine, 435, 439 ; *Severance* v. *Judkins*, 73 Maine, 379 ; *Damport* v. *Sympson*, Cro. Eliz. 520 ; *Eyres* v. *Sedgwicke*, Cro. Jac. 601 ; *Phelps* v. *Stearns*, 4 Gray, 106 ; *Rice* v. *Coolidge*, 121 Mass. 395, and cases cited.

But it is said that the English Sts. of 5 and 28 Eliz. provide that a party grieved by a judgment obtained by the perjury of witnesses might, after the reversal of the judgment, "recover his damages against every such person as did procure such judgment against him, by action on the case." Assuming, however, that these statutes are in force here, neither of them can be seriously contended to be applicable to this case. To be sure, it is a general rule of the common law and it has been substantially engrafted into Art. 1, § 19 of our constitution, that a man shall have a remedy for every injury. 3 Black. Com. 123 ; *Ashby* v. *White*, 1 Salk. 21. But the law has more than one idea. And this principle however sound must be understood with such

qualifications and limitations as other principles of law equally sound and important impose upon it.    MORTON, J., 11 Pick. 532. Thus notwithstanding the rule first above mentioned, words spoken in the course of judicial proceedings, though they impute crime to another, and therefore, if spoken elsewhere, would import malice and be actionable in themselves, are not actionable if applicable and pertinent to the subject of inquiry.    *Barnes* v. *McCrate*, 32 Maine, 442; *Hoar* v. *Wood*, 3 Met. 193.    So in the case at bar, while the law declares that every person shall have a remedy for every wrong, public policy requires that witnesses shall not be restrained by the fear of being vexed by actions at the instance of those who are dissatisfied with their testimony; but if they perjure themselves they may be indicted and punished therefor.    *Barber* v. *Lesiter*, 7 C. B. (N. S.) (ERLE, J.)  186.

The counsel argue this case as if it were an action for malicious prosecution.    But assuming this to be correct, then the demurrer must be sustained, for there is no allegation that the prosecution has been determined in favor of the plaintiff or has been finally abandoned.    The allegation is that the "county attorney entered on the records of the court a *nolle prosequi* to said indictment." There is a long series of decisions that such a disposition is not of itself sufficient.    *Parker* v. *Huntington*, 2 Gray, 128; *Brown* v. *Lakeman*, 12 Cush. 482 and cases there cited; *Parker* v. *Farley*, 10 Cush. 279.    And even if we adopt the suggestions as to the inflexibility of the rule of Ch. Jus. SHAW in the last cited case, still there is no allegation that the plaintiff objected to the *nol. pros.*

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and SYMONDS, JJ., concurred.