BOOGHER, *Appellant,* v. HOUGH *et al.*

1. **Malicious Prosecution:** PROBABLE CAUSE. A conviction in the lower court of one prosecuted upon a criminal charge is ordinarily conclusive evidence of the existence of probable cause for the institution of the prosecution, even though the conviction be afterwards set aside on appeal.

2. ———: ———: PETITION. A petition in an action for malicious prosecution, which, while admitting that plaintiff was convicted of the charge preferred against him, alleges that on account of the fraudulent practice of defendants and their abuse of legal process he was deprived of the testimony of his principal witness, states a cause of action. Such acts of defendants countervail the presumption arising from plaintiff's conviction.

3. ———: ———: PRACTICE. Probable cause is a question of fact, or a mixed question of law and fact. The legal effect of the evidence offered to show the same is for the court; but the court cannot determine the question as a matter of law, unless the facts, when taken as true, are insufficient to make out a case.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

REVERSED AND REMANDED.

*W. C. Marshall* for appellant.

(1) It is not intended in this case to controvert the general proposition that a conviction in the lower court is conclusive evidence of the existence of probable cause, even though the conviction be afterwards set aside on appeal. (2) What we do contend for is that, if it is alleged and proved that the conviction was procured by unfair means, or by fraud, such acts countervail the conclusiveness of the conviction, and entitle the plaintiff to recover. *Welch v. Railroad,* 19 Reporter, 668; 14 R. I. 609; *Burt v. Place,* 4 Wend. 591; *Johnson v. Emerson,* 6 Exch. 329.

*Krum & Jonas, E. T. Farish* and *Paul F. Coste* for respondents.

(1)  A' judgment of a court of competent jurisdiction in favor of plaintiff, though afterwards reversed, is conclusive evidence of probable cause for instituting this suit.    (2)  A verdict of guilty in a criminal prosecution, though obtained by false testimony and afterwards set aside for newly-discovered evidence, and a verdict of not guilty returned, is conclusive evidence of probable cause in a subsequent action for malicious prosecution.    *Parker v. Huntington*, 7 Gray, 35; *Parker v. Farley*, 10 Cush. 279.    (3)  As a general rule, in an action for malicious prosecution, the fact, that, in the prosecution complained of, the plaintiff was convicted, is conclusive evidence of probable cause.    The only exception to the rule is the case in which plaintiff sets up that his conviction was fraudulently procured by the defendant by means which prevented the plaintiff from setting up his defense.    *Miller v. Deere*, 2 Abb. N. Y. Prac. 1; *Burt v. Place*, 4 Wend. 591.    The above authorities are the only ones that make this distinction, and it will be noticed the fact was that defendant in the prosecution was entirely prevented from making a defense.    By another group of decisions it is said : " Such conviction is conclusive evidence of probable cause, unless it was obtained chiefly or wholly by the false testimony of the defendant."    *Witham v. Gowan*, 2 Shepl. 362; *Payson v. Coswell*, 9 Shepl. 212; *Ulmer v. Leland*, 1 Greenl. 135; *Reynolds v. Kennedy*, 1 Wils. 232; *Goodrich v. Wamer*, 21 Conn. 432; *Palmer v. Avery*, 41 Barb. 290.

RAY, C. J.—Plaintiff brings this action against defendants for a malicious prosecution.    It appears that plaintiff had been formerly jointly charged with one Taylor in an information for criminal libel, and that

upon a trial thereof plaintiff was convicted in the lower court, but that upon appeal the judgment was reversed for error in law, and plaintiff discharged. See 71 Mo. 631.

In the present action, the court gave, at the close of the evidence for plaintiff, the instruction non-suiting plaintiff, who, failing in his motion to set the same aside, has appealed to this court. The conviction above referred to appears on the face of the amended petition in the present suit, and ordinarily at least this would be conclusive evidence of the existence of probable cause, although the same may have afterwards been reversed on appeal, and the party discharged. See cases cited in briefs of counsel.

The plaintiff, however, further alleges that his said conviction was procured by the fraudulent practices and abuse of legal process on the part of these defendants in this: That defendants caused said Taylor to be joined with plaintiff in said information for the fraudulent and wrongful purpose of depriving plaintiff of the testimony of said Taylor, well knowing that Taylor would be the principal witness, on whom he would rely to prove the facts said Taylor was expected to prove, which said testimony of said Taylor is set out in the amended petition herein in substance, that he (Taylor) wrote and prepared, and caused to be filed with the insurance department of this state, the instrument containing the libellous matter charged in said criminal information, and that this plaintiff Boogher did not write, prepare, suggest, aid or assist him herein.

The amended petition also further charges that the defendants directed the officers not to arrest said Taylor, and that he was not prosecuted on said charge, and that upon plaintiff's said trial compulsory process to detain and secure the attendance of said Taylor as a witness in his behalf was denied plaintiff by the trial court, at the instance and upon the objection of defendants that said

Taylor, being a co-defendant, was not a competent witness for plaintiff.

These allegations, that the former conviction was thus obtained by the fraud and unfair means alleged, we think sufficiently obviate and countervail the force and effect of plaintiff's admission in his amended petition, that he was convicted of said charge as aforesaid. The pleading is to be taken in its entirety. The fraudulent and oppressive acts charged to have been committed by defendants, to procure the judgment, overcame the force and effect which the judgment would otherwise have. *Burt v. Place*, 4 Wend. 591.

Again, defendants also assail in this, as in the lower court, the sufficiency of the amended petition, upon the ground that it does not charge that the plaintiff was, by the alleged acts of defendants, prevented from making a defense to the said charge of criminal libel, but merely states that plaintiff was thereby deprived of the testimony of his principal witness. Practically this is, or may be, we fear, a distinction without a difference. The defendant, we apprehend, is, in fact, fraudulently deprived of the substance of his defense when he is fraudulently deprived of the principal means of establishing it.

The terms employed in the allegations as to the character of this witness, and the matters set out as to the testimony he would have given if permitted, show, we think, that he was not merely a witness or an ordinary witness in the cause, and that his testimony would not be merely cumulative.

Again, the plaintiff, as defendant in said criminal trial, could not, of his own motion and choice, determine whether he would proceed to trial or not, but may have been obliged so to do, and to seek and endeavor to make the best defense he could, without the benefit of his principal witness therein, and, besides all this, it may be remarked that the alleged fraud and oppression

of the defendants, if such there "was, was not con-
sumated, so to speak, or, at least, fully developed and
made effective, until after the plaintiff (defendant in
said prosecution) had been put upon his trial, and the
court had sustained the objection of the prosecution to
the competency of said Taylor as a witness for plaintiff.

The incompetency of Taylor, if any, it is true,
exists by force and operation of law, but the objection
was one which the prosecution could waive, and if it be
true, as charged, that Taylor was fraudulently joined
with plaintiff in said information for this very purpose,
then entering said objection was a part of the evidence
of the alleged purpose of fraudulently depriving plain-
tiff of Taylor's testimony. But enough on this point,
and as to the sufficiency of the petition.

Passing now to the evidence for plaintiff, it may be
briefly said it supports, or at least that it tends to sup-
port, the allegations set out in the petition. It shows
frequent opportunity on the part of the officer to serve
the writ on said Taylor. Indeed, the officer at one time
informed Taylor that he had the writ for his arrest.
But the officer testifies that he understood, and was
informed, in substance, by the attorney for the prose-
cution, that they did not care about Taylor, that it was
Boogher they were after. There is, so far as we see, no
evidence directly or squarely conflicting with the offi-
cer's testimony as aforesaid. It also further appears by
the testimony of said Taylor herein that the application
to the insurance department, which contained the
libellous matter, was written and signed by him as attor-
ney for certain parties other than plaintiff. These facts,
upon the *ex parte* showing, look strongly in the direc-
tion that defendants did not, in good faith, cause said
criminal information to be filed and issued against said
Taylor, with a view to his prosecution and punishment,
if guilty as charged, but favor and countenance, we
think, the claim of plaintiff that it was done for the

purpose charged, of maliciously and fraudulently preventing plaintiff from obtaining the testimony of Taylor in his behalf. If believed by the jury, they were sufficient to overcome the effect of the former verdict, or, at least, to destroy the conclusive effect thereof, and to leave the former conviction merely a circumstance to be considered along with the rest of the evidence in the cause. These facts, if such they were, would manifestly tend to show the malice of defendants. The question of probable cause, being thus not concluded by the verdict, was, we think, for the jury under all the facts and circumstances in evidence.

Probable cause is a question of fact, or a mixed question of law and fact. The legal effect of the evidence offered to show the same is for the court, but the rule is, we think, well settled that the court cannot determine the question as a matter of law unless the facts, when taken as true, are insufficient to make out a case. Upon the *ex parte* showing of plaintiff, such, we think, was not the case here, and we think the trial court was in error in so holding.

We therefore reverse the judgment, and remand the cause. All concur, except BARCLAY, J., not sitting.