Lawrence vs. Cleary and another.

8 id. 386; *Morse v. Woodworth*, 155 Mass. 233; *Schultz v. Catlin*, 78 Wis. 611; *Magoon v. Reber*, 76 id. 392. Duress is a question of fact for the jury. *Schultz v. Culbertson*, 46 Wis. 316; *Cribbs v. Sowle*, 87 Mich. 340; *Osborn v. Robbins*, 36 N. Y. 374.

*C. W. Briggs*, for the respondent.

LAWRENCE, by guardian *ad litem*, Respondent, vs. CLEARY and another, Appellants.

*October 6 — October 23, 1894.*

*Malicious prosecution: Determination against plaintiff: Pleading.*

In an action for malicious prosecution, a complaint showing that such prosecution was finally determined against plaintiff, and not alleging that the judgment therein was procured by any fraud, misrepresentation, deceit, or circumvention practiced upon plaintiff, is insufficient.

APPEAL from the Circuit Court for *Waukesha* County. The complaint alleges, in effect, that the plaintiff is an unmarried female, of the age of eighteen years; that one

Lawrence vs. Cleary and another.

Armin had been appointed her guardian, and qualified as such; that September 29, 1893, the defendant *Cleary*, acting for and under the direction of the defendant *Kelly*, maliciously and without any probable cause made a complaint on oath before Justice Evans, charging the plaintiff, in effect, with having committed the offense defined in sec. 4438*b*, S. & B. Ann. Stats. (ch. 251, Laws 1889), and maliciously and without probable cause procured the said justice to issue a warrant upon said complaint for the arrest of the plaintiff upon said false charge; that said warrant was duly issued thereon, and the plaintiff arrested and brought before said justice, whereupon the complaint was read to her, and she was then and there, in effect, told that she was arrested for the offense mentioned; that having but very little education, and being greatly terrified and excited, and not understanding the meaning of what was so read and said, except that she was under arrest for not paying for her board, and was indebted to *Kelly* therefor, she thereupon admitted that fact to the justice; that the justice thereupon sentenced her to pay a fine and the costs, or be committed to jail for ten days; that, not being able to pay the fine and costs, she was committed for the term mentioned; that, at the time, *Kelly* held her trunk and clothing therein, of the value of $13, as security for the bill she owed him; and that *Kelly* knew said property in his hands was good and ample security for said bill, but that he concealed that fact from the justice.

To that complaint the defendants demurred on the ground that it did not state facts sufficient to constitute a cause of action. From the order overruling that demurrer the defendants appeal.

For the appellants there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

For the respondent the cause was submitted on the brief of *Armin & Tichenor*. They contended, *inter alia*, that

the rule that the prosecution must have terminated in favor of the plaintiff is not applicable where the accused had no opportunity to defend. 14 Am. & Eng. Ency. of Law, 29. Nor if the action terminated in conviction procured by fraud or perjury of defendant. *Palmer v. Avery*, 41 Barb. 290; *Burt v. Place*, 4 Wend. 591; *Witham v. Gowen*, 14 Me. 362; *Payson v. Caswell*, 22 id. 212; Newell, Mal. Pros. 284, 296–299; Cooley, Torts, 185.

CASSODAY, J. Neither the sufficiency of the complaint nor the warrant issued thereon is questioned. Upon being brought before the justice, and the warrant being read to the plaintiff, she manifestly pleaded guilty to the same, and was thereupon sentenced as mentioned. It is not alleged — certainly not sufficiently alleged — that such judgment was procured by any fraud, misrepresentation, deceit, or circumvention practiced upon the plaintiff. No appeal has ever been taken from that judgment. The prosecution was thus finally determined against the plaintiff. These things being so, the question recurs whether this action for malicious prosecution can be maintained.

To sustain an action for malicious prosecution, the failure of the proceedings against the plaintiff must be alleged and proved. *Woodworth v. Mills*, 61 Wis. 44; *King v. Johnston*, 81 Wis. 578; *Lowe v. Wartman*, 47 N. J. Law, 413; *Comm. v. McClusky*, 151 Mass. 488; *Stewart v. Sonneborn*, 98 U. S. 187; *West v. Hayes*, 104 Ind. 254; 2 Greenl. Ev. sec. 452; *Herman v. Brookerhoff*, 8 Watts, 240. Some courts go to the extent of holding that such conviction of the plaintiff of the offense charged, before a justice of the peace having jurisdiction, is conclusive evidence of probable cause of the plaintiff's guilt of the offense for which he was so prosecuted. *Whitney v. Peckham*, 15 Mass. 243; *Cloon v. Gerry*, 13 Gray, 201; *Dennehey v. Woodsum*, 100 Mass. 195. In Iowa it is held that such conviction is only

*prima facie* evidence of such probable cause. *Moffatt v. Fisher*, 47 Iowa, 473; *Bowman v. Brown*, 52 Iowa, 437; *Olson v. Neal*, 63 Iowa, 214. But these cases probably go no further than to hold that such judgment is not so conclusive as to bar the convicted person from alleging and proving that the same/ was procured by fraud, collusion, perjury, and the like. In any view of the question, the demurrer in this case was improperly overruled.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings according to law.