## Leslie A. Gilmore v. George C. Mastin, et al.

### Gen. No. 11,396.

1. PROBABLE CAUSE—*what not conclusive evidence of, in an action on the case for malicious prosecution.* A conviction by a court of record having jurisdiction of a cause, which is subsequently reversed, is not conclusive proof of probable cause for the prosecution, where it appears that such conviction was procured by undue means, as by fraud, conspiracy, or false testimony or subornation.

2. MALICIOUS PROSECUTION—*what gist of action for.* The gist of an action for malicious prosecution is the tort charged and not the conspiracy, which is alleged as a part of the means employed in connection with the commission of the tort.

Action on the case for malicious prosecution. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the October term, 1903. Reversed and remanded. Opinion filed June 30, 1904. Rehearing denied July 14, 1904.

**Statement by the Court.** Gilmore, the appellant, sued George C. Mastin, Roderick Chisholm, Ade O. Hileman, George C. Taber, W. S. Cowen and Ralph E. Eaton in case. The defendants, except Taber, each demurred generally to the declaration. The court sustained the demurrers, and appellant electing to stand by his declaration, the court rendered judgment in favor of appellees and against appellant. The declaration, omitting the formal parts thereof, is as follows:

" For that whereas the said plaintiff before and at the time of the committing by the defendants of the several grievances hereinafter mentioned, was a person of good' name, reputation and standing as a lawyer of the bar of Cook County and State of Illinois, and deservedly enjoyed the esteem and good opinion of his brethren in that profession, and of his neighbors and other worthy citizens of this state, yet the said defendants, well knowing the premises and contriving and maliciously intending to injure the plaintiff in his said profession, good name and reputation, and to bring him into public scandal, infamy and disgrace, and to cause the plaintiff to be imprisoned for a long space of time, and to cause it to be suspected and believed by

divers persons that he lacked probity as a lawyer, was dishonest and guilty of the crime of obtaining money by false pretenses, and guilty of criminal conspiracy to obtain money by use and means of the confidence game, and in order to circumvent the process of the criminal law against three of their members, to wit, said Chisholm, Hileman and Taber, for its infraction by them in said county of Cook, did on, to wit, April 25, 1899, at the city of Chicago, county and state aforesaid, enter into a wicked and unlawful conspiracy and agreement by and between themselves purposely and maliciously to wrong and injure the said plaintiff in the respects aforesaid and to prostitute the process of law of this state, and agreed by and among themselves as follows: That they would cause the arrest, indictment, trial and conviction of plaintiff in the Circuit Court of Carroll County, in said state, sitting for the trial of criminal cases; that defendant Taber would make a criminal complaint against plaintiff, charging plaintiff with obtaining from defendants Chisholm, Hileman and Taber the sum of $700 by means of false pretenses, and cause a warrant for his arrest therefor to issue by some justice of the peace in and for said county of Carroll, having jurisdiction thereof, and to cause plaintiff to be arrested on such warrant; that defendant Eaton, the then state's attorney for said Carroll County, agreed with said co-conspirators that he, said Eaton, would appear before such justice of the peace and make complaint against plaintiff on a charge of criminal conspiracy, with certain others to be named in said complaint, to obtain the sum of $700 from said Taber, Chisholm and Hileman by means of the confidence game, and upon such complaint to procure a warrant for the arrest of said plaintiff to issue from such justice of the peace, and on such warrant to cause the arrest of plaintiff; and it was further agreed among said conspirators that said Eaton in his official capacity as state's attorney as aforesaid would bring the matter before the grand jury of Carroll County, and that said Taber, Chisholm and Hileman would appear before said grand jury, and there deliver certain false testimony, to the end that indictments would be procured against said plaintiff, charging him with criminal conspiracy, and with obtaining money by false pretenses; that it was further agreed, in the event said conspirators should succeed in procuring such indictments, that said Chisholm and Hileman would deliver before the petit jury of said county on the trial of plaintiff, certain false and per-

jured testimony, in substance that plaintiff had stated that he, plaintiff, had, for a sum of money to be given him by said Chisholm, Hileman and Taber, offered to bribe certain police officials of the city of Chicago, in said Cook County, and by bribing to hush up a certain criminal prosecution of said Cook County, in which said last named defendants were concerned, and that defendant Mastin would falsely testify at such trial in substance that said Gilmore had admitted to him, said Mastin, that he, Gilmore, intended to force said defendants, Chisholm, Hileman and Taber, to pay plaintiff a large sum of money, to wit, $2,100, on the false pretense that plaintiff would bribe said police officials, and plaintiff offered to share said sum with him, the said Mastin; and it was further agreed among said conspirators that said Taber, on such trial as aforesaid, would pretend to turn state's evidence, and would falsely testify thereat that he, said Taber, and plaintiff, had entered into a combination to fleece said Chisholm and Hileman, in consideration of which agreement on the part of said Taber, said Eaton, as state's attorney, promised said Taber that he, said Taber, should have immunity from punishment for the alleged crime as to which said Taber would make such pretended confession at said trial.  And plaintiff avers that in pursuance of said conspiracy, and in consummation of their said wicked, unlawful and malicious agreement aforesaid, that said defendant, George C. Taber, in company with said other defendants, went to the town of Mt. Carroll, in the county of Carroll, and state aforesaid, and then and there appeared before one John E. Hall, a justice of the peace in and for said county of Carroll aforesaid, and then and there before said John E. Hall, so being and acting as justice of the peace aforesaid, falsely and maliciously, and without any reasonable or probable cause whatsoever, charged the plaintiff, with one Julius D. Klein, Eugene Munger and Harry Romane, by written complaint then and there by the said George C. Taber subscribed and sworn to before said justice of the peace (as by the original thereof on file in the office of said justice of the peace will fully and particularly appear, and same or certified copy thereof ready to be produced in court at the trial hereof will show), with having obtained from said defendants, George C. Taber, Roderick Chisholm and Ade O. Hileman, unlawfully, by means of false pretenses, the sum of seven hundred dollars ($700), and upon such charge the defendants falsely and maliciously, and without any reasonable or probable cause what-

soever, caused and procured said John E. Hall, so being such justice of the peace as aforesaid, to make and issue his certain warrant under his hand for the apprehending and taking of the plaintiff, and for bringing the plaintiff before him, the said John E. Hall, or some other justice of the peace in and for said town, county and state, to be dealt with according to law for and on account of his said supposed crime; and the defendants, under and by virtue of the said warrant, afterwards, to wit, on the day aforesaid, did wrongfully and unjustly, and without any reasonable or probable cause whatsoever, cause and procure the plaintiff to be arrested by his body, from his office in the said city of Chicago, and in the presence of a great number of his clients and friends, and thence to be taken to the Central police station in said city of Chicago, and there to be imprisoned and detained for a long space of time, to wit, one hour, and thence to be taken to the town of Mt. Carroll in the county of Carroll, state aforesaid, and before said justice of the peace, John E. Hall, and from thence to the common jail of said county, where he was imprisoned and detained for a long space of time, to wit, for a period of one day, and until said plaintiff, with great cost and expense, to wit, the sum of $50, gave bond in the sum of $1,000 with the American Bonding and Trust Co., of Baltimore, Md., as surety for his appearance at the next term of the Circuit Court to be holden in said county of Carroll; that to further consummate the ends of said unlawful, wicked and malicious conspiracy to injure the said plaintiff in his good name and reputation, and as an aid to unlawfully rescue the said defendants, Roderick Chisholm and Ade O. Hileman, from the custody of duly commissioned officers of the county of Cook and state aforesaid, who held them under arrest on criminal warrant by E. C. Hamberger, a justice of the peace in and for said county of Cook and State of Illinois, the said defendant, Ralph E. Eaton, did, on, to wit, the 29th day of April, 1899, appear before said John E. Hall, so being and acting as justice of the peace, as aforesaid, at said town of Mt. Carroll, aforesaid, and did then and there before said justice of the peace, falsely and maliciously, and without any reasonable or probable cause whatsoever, charge said plaintiff, with one Julius D. Klein, Eugene Munger and Harry Romane, by written complaint then and there by said Ralph E. Eaton subscribed and sworn to before said justice (as by the original thereof on file in the office of said justice of the peace will

fully and particularly appear, and same or certified copy thereof ready to be produced in court at the trial hereof will show) with having unlawfully and wickedly conspired to obtain the sum, to wit, of $700 from said Roderick Chisholm and Ade O. Hileman by means and use of the confidence game, and upon such charge the defendants caused and procured said John E. Hall falsely and maliciously and without any reasonable or probable cause whatsoever, the said John E. Hall being and acting as said justice of the peace with jurisdiction to act in the premises, to make and issue his certain warrant under his hand for the apprehending and taking of the plaintiff, and for bringing the plaintiff before him, the said John E. Hall, or some other justice of the peace of said county of Carroll, to be dealt with according to law, for and on account of his said supposed crime; and the defendants under and by virtue of said warrant aforesaid. to wit, on the day aforesaid, did wrongfully and unjustly, and without any reasonable or probable cause whatsoever, cause and procure the plaintiff to be arrested by his body in the Lanark House. in the town of Lanark, in said county of Carroll, in the presence of said defendants, Roderick Chisholm and Ade O. Hileman, and the said officers in whose custody they were then held under the process aforesaid and a great number of other persons then present, and thence to be taken before said John E. Hall, justice of the peace aforesaid, and thence to be imprisoned in the common jail of said county of Carroll, and there imprisoned and restrained of his liberty for a great space of time, to wit, for a whole day, and until said plaintiff had at great cost and expense, to wit, the sum of $50, given bond in the sum of $1,000 with the American Bonding and Trust Co., of Baltimore, Maryland, as security for his appearance at the next term of the Circuit Court to be holden in said county, and in the meantime the said defendants did by means of the arrest of said plaintiff, as last aforesaid, and otherwise in furtherance of their said conspiracy, unlawfully and wickedly wrest the said Roderick Chisholm and Ade O. Hileman from the custody of the said officers of Cook County by whom they were then held under arrest on lawful warrant as aforesaid; that in further consummation of said wicked and unlawful and malicious conspiracy by and between defendants aforesaid, the said defendants appeared before, induced and procured upon their several false oaths and wilful perjury, the grand jury convened at the said next

term of the Circuit Court of said county to return against said plaintiff and said Eugene Munger, George Taber, Julius D. Klein and Harry Romane, indictments charging the said plaintiff and the said others with the crime of criminal conspiracy to obtain $5,000 of the money of said Roderick Chisholm and Ade O. Hileman by means and use of a confidence game, and to cheat and defraud the said Roderick Chisholm and Ade O. Hileman of the same, contrary to the form of the statute, etc., in four counts, in substance all the same, and in three counts thereof the same conspiracy with false pretenses as a means, and also to return two other indictments charging said plaintiff and said others named aforesaid with the crime of attempting to obtain $2,100 of the money of said Roderick Chisholm and Ade O. Hileman by means and use of the confidence game, contrary to the form of the statute, etc., and by like means of attempting to obtain of said last-named parties the sum of $700, etc.; and the said defendants having so combined, conspired and agreed together as aforesaid to wrong and injure said plaintiff in his said good name and reputation and to deprive him of his liberty as aforesaid, and to bring him into public scandal, infamy and disgrace, and to cause his brother lawyers, neighbors and friends and divers other good citizens of this state, to believe him deceitful and dishonest; and in furtherance of their said conspiracy did congregate and appear on the trial of said indictment for conspiracy in the Circuit Court for the County of Carroll aforesaid, at the June term thereof, A. D. 1899, before James Shaw, judge thereof, presiding, and a jury, and the said defendants offered themselves as witnesses and attorneys on the hearing of said indictment before said court, and did then and there, in furtherance of said unlawful and malicious conspiracy as aforesaid, commit wilful and corrupt perjury and suborn others to do so, and did falsely testify against said plaintiff in the particulars and in the manner and form as they had conspired and agreed to so as hereinabove set forth; and the said Taber at said trial pretended to turn state's evidence and swore falsely at said trial as he had agreed to so as above set forth, for which the said Eaton secured immunity for him, said Taber, as he, said Eaton, had promised as above alleged; and in further aid of consummating their said wicked conspiracy and to affect and induce said jury to return its verdict of guilty against said plaintiff and the said others, the said defendants or some of

them, contributed and expended of their money the sum of $5,000, about $1,250 thereof having been paid to said defendant, George C. Mastin, ostensibly as attorney's fees, but actually to appear as witness, and relate a perjured and corrupt narrative of the supposed interview with said plaintiff, as above set out, tending to his incrimination under said indictment then on hearing before said court, who did so appear, and on his solemn oath to speak the truth, did commit wilful and false perjury in said cause of matters tending to and which did incriminate said plaintiff; and in other respects said defendants so acted as to wrongfully, wickedly and corruptly induce said jury to return its verdict of guilty against said plaintiff in said cause, which was done by said jury; and by means and consequence of their concerted action in aid and furtherance of said conspiracy against said plaintiff, said defendants wickedly and unlawfully induced and procured the said James Shaw, judge of said court, to enter judgment and sentence in said cause consistent with the verdict of said jury; but which said judgment so entered said plaintiff had absolutely reversed and annulled by the judgment of the Appellate Court of this state for the second district, and that thereupon all of the said indictments against said plaintiff, and said criminal complaints and charges were each and every of them dismissed, and the said indictments and prosecution are wholly ended and determined, and plaintiff avers that he was wholly innocent of each and every of the charges so as aforesaid preferred against him," etc.

FRANK P. BLAIR, for appellant.

CHARLES R. WHITMAN and GEORGE C. MASTIN, for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The action is case for malicious prosecution. The averments of the declaration are amply sufficient as a basis for proof of want of probable cause and malice; but it is contended by appellees' counsel that the conviction of appellant alleged in the declaration, and which was reversed by the Appellate Court for the Second District in Gilmore v. The People, 87 Ill. App. 128, is conclusive evidence of probable cause for the prosecution of appellant. In Thomas v. Muehl

mann, 92 Ill. App. 571, one of the questions presented was, whether a conviction before a justice of the peace, in a case in which the justice had jurisdiction to render final judgment, although reversed on appeal, was conclusive evidence of probable cause for the prosecution. We said, Mr. Justice Windes delivering the opinion: " The weight of authority establishes the following in substance, to wit: That when a justice of the peace has jurisdiction to render final judgment in the examination of a criminal charge, and is not simply a committing magistrate, when the hearing is fair, without fraud, and the testimony for the prosecution free from perjury, and results in the conviction of the defendant, such conviction is conclusive on the question of probable cause for the prosecution, though on appeal the defendant may be acquitted." Citing numerous cases.

The question has been very elaborately discussed by counsel in the present case, and a large number of cases have been cited, many of them irreconcilably in conflict. While it seems reasonable to hold that conviction, after a full and fair hearing by a court having jurisdiction of the person and subject-matter, untainted by fraud, conspiracy to procure conviction by false testimony, or subornation, or by any undue or unlawful means, should be conclusive evidence of probable cause, it seems unreasonable to hold that a conviction procured by a conspiracy to procure conviction by perjury, and so, in fact, procuring it, as is alleged in the declaration before us, is conclusive evidence of probable cause. Accordingly, we find courts holding that conviction procured by such unlawful means as above mentioned, is not conclusive evidence of probable cause.

In Cloon v. Gerry, 13 Gray, 201, Shaw, C. J., delivering the opinion of the court, said : " And when the plaintiff had been convicted by a tribunal constituted by law, with authority to render a judgment, which, if not appealed from, would have been conclusive of his guilt, *and such judgment is not impeached on the ground of fraud, conspiracy, or subornation, in its procurement,* although afterwards reversed on another trial, it furnishes sufficient proof that

the prosecution was not groundless, and to defeat an action for malicious prosecution." We think the opinion of Chief Justice Shaw, that the impeachment of the judgment " on the ground of fraud, conspiracy or subornation in its procurement" would destroy its effect as evidence of probable cause, entitled to great weight, notwithstanding the Maine court held the contrary in Garing v. Fraser, 76 Me. 37. See the following cases in support of the proposition that when the conviction is procured by undue means, as by fraud, conspiracy or false testimony, or subornation, it is not conclusive of probable cause : Womack v. Circle, 32 Grattan, 324, 338–9; Blucher v. Zonker, 19 Ind. App. Ct. R. 615; Adams v. Bicknell, 126 Ind. 210, 214, citing Bitting v. Ten Eyck, 82 Ind. 421; Phillips v. Kalamazoo, 53 Mich. 33; Ross v. Hixon, 46 Kan. 550, 554, and cases cited; Lawrence v. Cleary, 88 Wis. 473; Murphy v. Ernst, 46 Neb. 1; Hartshorn v. Smith, 104 Ga. 235, 238; Burt v. Place, 4 Wend. 591; Spring v. Besore, 12 B. Monroe, 551, 555–6; Kaye v. Kean, 18 B. Monroe, 840, 846; Welch v. R. R. Co., 14 R. I. 609, 610; Boogher v. Hough, 99 Mo. 183; Holliday v. Holliday, 123 Cal. 26, 32; Page v. Cushing, 38 Me. 523; and see 1 Millard on Torts, 4th ed., pp. 479–80, sec. 29.

In Boogher v. Hough, *supra*, the precise question whether a conviction procured by fraudulent means was conclusive evidence of probable cause, was presented and decided. The plaintiff averred, in substance, that by the fraudulent act of the defendants he was deprived of the testimony of his principal witness, and the court held : " The pleading is to be taken in its entirety. The fraudulent and oppressive acts charged to have been committed by defendants to procure the judgment, overcome the force and effect which the judgment would otherwise have had," citing Burt v. Place, 4 Wend. 591. In Page v. Cushing, 38 Me. 523, the complaint or declaration is not set out, but it sufficiently appears from an instruction given by the trial court to the jury, that a conspiracy of the defendants to effect an unlawful purpose was charged, and that there were overt acts in pursuance of the conspiracy. The court say: " For

there can be no such thing as probable cause for a prosecution to accomplish a purpose known to the prosecutor to be unlawful."

In Crescent Live Stock Co. v. Butchers' Union, 120 U. S. 141, the court recognizes as an exception to the general rule, that a conviction by a court of competent jurisdiction is conclusive evidence of probable cause, the procurement by the defendant of the conviction by fraud, oppression or other undue means, and after citing cases in support of the exception, say: " This seems to reconcile the apparent contradiction in the authorities, and states the rule, which we think to be well grounded in reason, fair and just to both parties, and consistent with the principles on which the action for malicious prosecution is founded."

We are not aware of any decision of the Supreme Court of this state on the precise question; but we think it the better reason that if a conviction is obtained by fraud, oppression, or any undue means, this counteracts the effect which the conviction would ordinarily have as evidence of probable cause. A defendant, in such case, should not be allowed to escape liability by reason of his own fraudulent and unlawful conduct.

Counsel for appellant apparently relies on the charge of conspiracy as a substantive charge, and discourses of the ancient writ of conspiracy, which is unknown to our law. As heretofore said, this is an action for malicious prosecution, and the gist of the action is the alleged tort, and not the conspiracy. Garing v. Fraser, 76 Me. 37; Wellington v. Small, 3 Cushing, 145, 150; Parker v. Huntington, 2 Gray 124; Martin v. Leslie, 93 Ill. App. 44, 56, and cases cited. In Garing v. Fraser, *supra*, the court say : " To charge all the defendants, joint action must be proved, and the allegation of a conspiracy may be a proper mode of alleging it; but for any other purpose it is wholly immaterial, and it does not change the nature of the action or add anything to it." We think this an accurate statement of the law. In Parker v. Huntington, *supra*, the court say : " The charge of conspiracy is mere surplusage,

intended and used as matter of aggravation, and, therefore, not necessary to be alleged or proved. The gist of the action is not the conspiracy, but the damage done to the plaintiff by the acts of the defendants, and this is equally great, whether it be the result of a conspiracy or of the act of a single person." It is obvious, in the present case, that as the acts charged are alleged to have been the acts of all the appellees, their joint liability could be proved without any averment of conspiracy.

It is averred in the declaration " that thereupon all of said indictments against said plaintiff and said criminal complaints and charges were each and every of them dismissed, and the said indictment and prosecution are wholly ended and determined." Counsel for appellees object that these averments are insufficient. We think them amply sufficient.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*