## W. J. Hall v. First National Bank of Chicago.

### Gen. No. 11,926.

1. DECLARATION—*when count on check does not state cause of action.* A declaration by which it is sought to recover from a bank the amount of a check drawn thereon, is fatally defective in not alleging that such bank had on hand sufficient funds at the time of its presentation with which to pay the same.

2. CONSPIRACY—*when does not constitute cause of action.* In civil cases a conspiracy does not constitute a cause of action; it is the resulting wrong and not the conspiracy which gives the right of action, if any there be.

Action on the case. Appeal from the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 1, 1905.

HAMMOND & MACON, for appellant.

ORVILLE PECKHAM and NEWMAN, NORTHRUP, LEVINSON & BECKER, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an action in case by appellant against appellee. The court sustained a general demurrer to the declaration and rendered judgment against appellant for costs.

The declaration contains three counts, in substance as follows :

The first count avers that on the 10th day of March, 1904, the plaintiff was the owner and possessor of a certain bill of exchange, draft or check, for the sum of $1,149.45, dated March 8, 1904, which was drawn by the Cedar Rapids National Bank of Cedar Rapids, Iowa, upon the defendant, payable to plaintiff's order; that plaintiff paid for the same the face value thereof to the maker, and a premium of fifty cents; that on the first-mentioned date he presented it, properly endorsed, between banking hours, for payment, to the defendant at its place of business in the city of Chicago, and that the defendant " then and there wilfully, negligently and unlawfully " refused to pay it, to plaintiff's injury and damage in the sum of $10,000, etc.

The second count avers the same facts contained in the first count, and concludes with the charge that the defendant " wilfully, maliciously, fraudulently and unlawfully destroyed the value of said bill, draft or check, and wilfully, maliciously, fraudulently and unlawfully destroyed the negotiability thereof, by writing across the face of the same the words, ' payment stopped,' to the injury and damage of plaintiff," etc.

The third count avers the same facts contained in the first count, and concludes with the charge that " said defendant then and there wilfully, maliciously, fraudulently and unlawfully conspired with the Cedar Rapids National Bank, etc., to hinder, delay and defeat the plaintiff in the collection of his said debt, and did * * * hinder, delay and defeat him, etc., to the injury and damage," etc.

It is not averred in any of the counts that there was any money to the credit of the drawer of the check in the First National Bank with which to pay the check. This is a necessary averment; because, if the bank had no money to the credit of the drawer of the check, it properly refused to pay it. This disposes of the first and second counts of the declaration. If there was no money in the bank to the credit of the drawer, the check was valueless, and conse-

quently, the appellant could not be damaged by writing the words "payment stopped" across the face of it. In civil actions there can be no recovery on a mere averment of conspiracy. "The wrong is the gist of the action when damage results, and not the conspiracy." Martin v. Leslie, 93 Ill. App. 44, 56, and cases cited.

In Garing v. Fraser, 76 Me. 37, the court say: "To charge all the defendants joint action must be proved, and the allegation of a conspiracy may be a proper mode of alleging it; but for any other purpose it is wholly immaterial, and it does not change the nature of the action or add anything to it." This applies where there are several defendants. Here there is only one defendant, and the question is what the defendant (appellee here) did. What are the facts on proof of which a recovery is sought? And the third count does not aver what appellee did, but merely that it conspired.

Appellant's counsel cite authorities which are only applicable in cases where the bank on which the check is drawn has funds to the credit of the drawer with which to pay the check, which authorities are clearly inapplicable here, as there is no averment that appellee had such funds. The rule being that a pleading is to be construed strictly against the pleader, the inference from the omission to aver that the bank had funds of the drawer, must be that it had not. There is no precedent for an action *ex delicto* in the case of a bank refusing to honor a check, even when it has money to the credit of the drawer sufficient to pay it, and we think it unnecessary to discuss the question whether such an action will lie in such case. *Via trita, via tuta.* The judgment will be affirmed.

*Affirmed.*

Mr. Justice BROWN took no part in the decision of this case.